# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREEMAN BEY,                                :
    Plaintiff,                         :
                                       :
    v.                                 :        CIVIL ACTION NO. 21-CV-2237
                                       :
OFFICER WOOLRIDGE, *et al.*,                :
    Defendants.                        :

## MEMORANDUM

YOUNGE, J.                                                    JANUARY 12, 2022

This matter comes before the Court by way of a Complaint (ECF No. 2) submitted by *pro se* Plaintiff Freeman Bey, also known as Ronald Pondexter.[1]  Also before the Court is Bey's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1).  Because it appears that Bey is unable to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.  For the following reasons, Bey's Complaint will be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Bey will be granted leave to file an amended complaint on a narrow set of claims.

## I.    FACTUAL ALLEGATIONS[2]

Bey brings this civil rights action pursuant to 42 U.S.C. § 1983 with respect to a traffic stop that occurred in November of 2019 which culminated in his vehicle being towed.  (ECF No. 2 at 4-6.)  Bey named the following Defendants in this action: (1) the Philadelphia Police

---

[1]  Throughout this Memorandum the Court will refer to Plaintiff by the surname Bey as this appears to be the primary surname he uses.

[2]  The factual allegations set forth in this Memorandum are taken from Bey's Complaint.  (*See* ECF No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Department; (2) the Philadelphia Parking Authority, ("PPA"); (3) Officer Woolridge, a Philadelphia police officer; (4) Officer Ferrero, a Philadelphia police officer; and (5) Towing Officer Malvern.[3]  (*Id.* at 1-4.)  Bey alleges that on the morning of November 25, 2019, after dropping his children off at school, he "proceeded through a yellow light with caution" and was subsequently "pulled over by two officers."  (*Id.* at 5.)  Bey claims that Defendant Officer Woolridge approached the driver's side of his vehicle, while Defendant Officer Ferrero approached the passenger side.  (*Id.*)  Bey alleges that Woolridge twice asked Bey for his driver's license and registration, and that Bey informed the Officers that he was "a Sovereign Man" and that "a driver's license was only necessary for people driving" but was "not required by a traveler" like himself.  (*Id.*)

When he failed to produce a driver's license or registration for the vehicle, Bey asserts that Woolridge walked to his patrol vehicle and upon his return, "ordered [Bey] to step outta [sic] the vehicle."  (*Id.*)  "After exiting the vehicle, [Bey] waited as the two officers searched his car, including the trunk" and asked Bey if he had any "weapons or narcotics."  (*Id.* at 5-6.)  During the search, Bey alleges that Defendant Towing Officer Malvern arrived at the scene.  (*Id.* at 6.)  Bey claims that Defendants Woolridge, Ferrero, and Malvern "had a short discussion" before Defendant Malvern "continued with the tow setup."  (*Id.*)  Defendant Malvern then started

---

[3]  Towing Officer Malvern is named as a Defendant in this matter only in the caption of the Complaint, and the only factual allegations against him are set forth on page six of the Complaint.  (*See* ECF No. 2 at 1, 6.)  Unlike the other Defendants, he is not listed on pages two, three, or four, and there is no further information regarding his employment.  (*Id.* at 2-4.)  As a result, the Complaint is ambiguous with respect to whether Towing Officer Malvern is a Philadelphia Police Officer employed by the Philadelphia Police Department, the Philadelphia Parking Authority, or another entity.  For purposes of this Memorandum, the Court assumes, without deciding, that he may be considered a state actor for purposes of relevant events.  If Bey opts to file an amended complaint as set forth more fully *infra*, he may wish to allege additional details regarding Towing Officer Malvern's employment.

the process of towing Bey's vehicle, at which time Bey informed him that his "actions were unlawful and that [he] made him[self] a coconspirator of a crime." (*Id.*)  Shortly after this, Bey alleges that he "noticed that a white shirt [had] pulled onto the scene." (*Id.*)  Bey approached this individual, whom he later learned was a lieutenant, in an attempt to explain the situation but the unidentified lieutenant advised Bey to "take it up in court." (*Id.*)  Woolridge then handed Bey the "police & towing report" and Bey walked home. (*Id.*)

Based on these allegations, Bey alleges that Defendants Malvern, Woolridge, and Ferrero, "violated [his] right to travel, unlawfully detained [him], unlawfully seized [his] vehicle, [and] discriminated against" him based on his race. (*Id.* at 5.)  Bey now seeks compensation "for the violations of [his] rights" (*Id.* at 7.)  Bey asserts that losing his "vehicle ruined [his] credit score and altered [his] financial security" because his family "suffered a decline in earnings" since he did not have a "vehicle for work" and ended up unemployed. (*Id.*)  Thus, Bey seeks $75,000 from each Defendant and "their corporate Representatives[,]" in addition to the cost of his vehicle, the money he lost due to his unemployment, and money for emotional distress he endured. (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Bey leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Moreover, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is

frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably

meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

     "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro*

*se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only

whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible []

claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S.

at 678. As Bey is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v.*

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)).

## III.    DISCUSSION

     Bey brings this action for alleged violations of his civil rights pursuant to 42 U.S.C. §

1983, the vehicle by which federal constitutional claims may be brought in federal court. (See

ECF No. 2 at 4.) Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.       Claims Against the Philadelphia Police Department

Bey names the Philadelphia Police Department as a Defendant in this action.  However, Bey's claims against the Philadelphia Police Department are not plausible.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, the Philadelphia Police Department is not a proper defendant in this case under § 1983 and all claims against the Department must be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[4]  These claims will be dismissed with prejudice as any attempt to amend would be futile.  *Grayson v. Mayview State*

---

[4] In any event, Bey has not stated a plausible basis for municipal liability against the City of Philadelphia, as set forth below.

*Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should be generally be granted "unless amendment would be inequitable or futile.").

**B.       Claims Against the PPA**

Bey utilized this District's form complaint to initiate this action, and in the designated lines for identifying the defendants, Bey specifically named the PPA.  (*See* ECF No. 2 at 4.)  To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City.  *See, e.g.*, *Szerensci v. Shimshock*, Civ. A. No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

Beyond naming the PPA as a Defendant in the designated spot on the form, Bey's Complaint contains no factual allegations against the PPA anywhere in the body of the Complaint itself.  Bey does not allege that the PPA had any involvement in towing his car from the scene on November 25, 2019 after his encounter with Defendants Woolridge, Ferrero, and Malvern, nor does Bey allege any facts that the PPA had a custom or policy in place that led to a violation of his constitutional rights with respect to the traffic stop and the towing of his car.  In the absence of any custom or policy allegations or any factual allegations detailing how the PPA

was involved, Bey has failed to allege a plausible claim under § 1983 and his claims against the
PPA must be dismissed pursuant to § 1915(e)(2)(B)(ii).

### C.     Federal Criminal Claims and Claims Under the Pennsylvania Constitution

Criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City
of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown
alleges that the defendants violated various criminal statutes, but most do not provide a private
cause of action.").  In his Complaint, Bey specifically cites 18 U.S.C. §§ 241, 242, 245.  (ECF
No. 2 at 4.)  These sections establish criminal liability for certain deprivations of civil rights and
conspiracy to deprive civil rights.  *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D.
Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *see United States v.
Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§
241 and 242).  However, a plaintiff cannot bring criminal charges against defendants through a
private lawsuit, and these sections do not give rise to a civil cause of action.  *U.S. ex rel. Savage
v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975); *see also Walthour v. Herron*, Civ. A. No. 10-1495,
2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18
U.S.C. §§ 241, 242, 245, 247, 371 or 1951).  Accordingly, Bey's claims under the cited federal
criminal statutes fail to state claims pursuant to § 1915(e)(2)(B)(ii) and must be dismissed with
prejudice as amendment would be futile.

Bey also cites to Article I §§ 8 and 26 of the Pennsylvania Constitution.  (ECF No. 2 at
4.)  However, as there is no private right of action for damages under the Pennsylvania
Constitution, these claims must be dismissed with prejudice as legally frivolous pursuant to §
1915(e)(2)(B)(i).  *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there
a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain*

*Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").  Bey will not be granted leave to amend these claims as any amendment would be futile.

### D.    Claims Against Defendants Woolridge, Ferrero, and Malvern

Bey asserts claims against Defendants Woolridge, Ferrero, and Malvern[5] in their individual capacities under the Fourth, Eighth, and Tenth Amendment and alleges that these Defendants violated his right to travel, detained him unlawfully, unlawfully seized his vehicle, and discriminated against him on the basis of his race.[6] (ECF No. 2 at 3-5.)

---

[5]  The Complaint alleges claims against Defendants Woolridge and Ferrero solely in their individual capacities.  (*See* ECF No. 2 at 3.)  Although he does not specify, for purposes of this Memorandum, the Court assumes that Bey similarly asserts claims against Defendant Malvern solely in his individual capacity.

[6]  While Bey cites the Eighth and Tenth Amendments in his Complaint, the factual allegations of his Complaint do not support claims arising under these Amendments because claims challenging the legality of searches, seizures, and pretrial detention—are properly raised under the Fourth Amendment.  *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." ); *Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."); *cf. Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach").  Accordingly, the Court will dismiss any purported claims under the Eighth and Tenth Amendments and construes his claims as arising under the Fourth Amendment.
    Unlike his Fourth Amendment claims, Bey's allegation that he was discriminated against on the basis of his race and profiled can be construed to assert a claim arising under the Equal Protection Clause of the Fourteenth Amendment.  *See Berete v. Cortazzo*, Civ. A. No. 11-CV-4111, 2012 WL 6628040, at *4 (E.D. Pa. Dec. 18, 2012) (construing plaintiff's "'racial discrimination and racial profile'" claim under the Equal Protection Clause).

The United States Supreme Court has explained that the right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State."  *Saenz v. Roe*, 526 U.S. 489, 500 (1999).  However, the existence of "a constitutional right to travel . . . does not restrict the State from regulating the use of its roads as a matter of its police powers."  *Knox v. Pcobasco*, Civ. A. No. 86-2367, 1986 WL 6310, at *1 (E.D. Pa. June 4, 1986) (citing *United States v. Guest*, 383 U.S. 745, 759 n.17 (1966); *see also Carroll v. City of Philadelphia*, Civ. A. No. 87-0592, 1989 WL 114721, at *4 (E.D. Pa. Sept. 29, 1989), *aff'd*, 908 F.2d 961 (3d Cir. 1990) ("It is well established that the police powers constitutionally permit regulation of vehicles traveling the public roadways.").  Because the state can regulate the use of vehicles on public roadways, it necessarily follows that "[a] police officer who observes a violation of state traffic laws may lawfully stop the car committing the violation[,]" s*ee United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004), and so long as the police officer has at least reasonable suspicion of a traffic violation, the subsequent traffic stop will comply with the requirements of the Fourth Amendment.  *See United States v. Delfin–Colina*, 464 F.3d 392, 397 (3d Cir. 2006).  It is also well-settled that the temporary detention of an individual during a traffic stop is a "seizure" of "persons" under the Fourth Amendment, *see Whren v. United States*, 517 U.S. 806, 809-10 (1996), and the "impoundment of an automobile is [similarly] a Fourth Amendment seizure."  *Draper v. Upper Darby Twp. Police Dep't.*, Civ. A. No. 10-1080, 2012 WL 93178, at *2 (E.D. Pa. Jan. 11, 2012).

Here, Bey alleges that he was pulled over by Defendants Woolridge and Ferrero after he proceeded "through a yellow light with caution."  (*See* ECF No. 2 at 5).  The Complaint is silent

though with respect to the reason Bey was pulled over, and the Court declines to speculate whether it was related to his decision to proceed through a yellow light,[7] the fact that his vehicle was not registered at the time, or for some other reason.  Whatever the reason, Bey makes no allegation that the police lacked reasonable suspicion to pull him over and conduct a traffic stop, and the Complaint also fails to allege any additional details regarding the circumstances leading to this stop, including whether Bey committed a traffic violation under Pennsylvania law prior to the time he was pulled over.  Absent facts identifying the basis for the traffic stop and explaining the absence of reasonable suspicion to support it, Bey's allegations suggest only a possible, rather than a plausible, basis for a Fourth Amendment claim.[8]  *See generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").  Accordingly, the Court will dismiss Bey's Fourth Amendment

---

[7] Under Pennsylvania law, a police officer may have reasonable suspicion sufficient to make a lawful stop if he observes a vehicle driving through a yellow light.  *See Pate v. Bickell*, Civ. A. No. 1:13-CV-2120, 2015 WL 2384919, at *11-*12 (M.D. Pa. May 19, 2015) (recognizing, in a habeas proceeding under 28 U.S.C. § 2254, that a police officer who observed a vehicle driving through a yellow light at a high rate of speed observed a traffic violation and had reasonable suspicion to make a lawful traffic stop under the Fourth Amendment); *cf. Pellegrini v. Coll*, 2 A.2d 491, 492 (Pa. Super. Ct. 1938) (observing that where traffic lights at street intersection had changed from green to yellow before vehicle reached intersection, it was driver's duty to stop before entering the intersection and failure to do so was negligence).

[8] To be clear, Bey's Fourth Amendment claim rises or falls on the constitutionality of the initial traffic stop.  Once Bey was stopped, the Officers' actions, as alleged in the Complaint, do not appear to violate the Fourth Amendment in that they asked for Bey's license and registration, which he was unable to provide, resulting in the subsequent search and ultimately, the towing of his car.

claims, but the dismissal of these claims is without prejudice to Bey filing an amended complaint
if he can allege sufficient facts to cure this pleading deficiency.[9]

Similarly, to the extent Bey seeks to raise a Fourteenth Amendment equal protection
claim asserting that his traffic stop was the result of racial profiling or racial discrimination, Bey
has again failed to allege sufficient facts to state a plausible claim.  To raise "an equal protection
claim in the profiling context, a plaintiff must [allege] that the official actions had a
discriminatory effect and were motivated by a discriminatory purpose."  *See Berete*, 2012 WL
6628040, at *4 (E.D. Pa. Dec. 18, 2012) (citing *Bradley v. United States*, 299 F.3d 197, 205 (3d
Cir. 2002)).  With respect to "discriminatory effect, a plaintiff must [allege] that he is a member
of a protected class and that he was treated differently from similarly situated individuals in an
unprotected class." *Id.* (citing *Bradley*, 299 F.3d at 206).  In the Complaint, Bey does not allege
that he is a member of a protected class, nor does he allege that he is a member of a particular
racial minority.  He also offers no more than broad generalizations that the Defendants
"discriminated against [his] race[,]" (*see* ECF No. 2 at 5), and that he has "been profiled many

---

[9]  While the Court will permit Bey to amend his allegations regarding his Fourth Amendment
claims, any claims asserting a violation of his constitutional right to travel are dismissed with
prejudice as legally frivolous pursuant to § 1915(e)(2)(B)(i) because it is well established that
issuing a ticket for driving without a license or registration does not violate an individual's right
to travel. *See, e.g., El v. New Jersey*, Civ. A. No. 13-1431, 2013 WL 1163495, at *2 (D.N.J.
Mar. 19, 2013) (finding that a motorist's "constitutional right to travel was not violated just
because he was ticketed for driving with a suspended license"); *Moorish Holy Temple of Sci. of
the World v. Terry*, Civ. A. No. 12-0134, 2012 WL 2576782, at *2 (E.D.N.C. May 11, 2012)
(dismissing as legally frivolous plaintiffs' assertion that "their right to travel . . .was violated
when [an] Officer . . . cited them during a traffic stop for various violations of North Carolina's
license and registration requirements"), *report and recommendation adopted*, 2012 WL 2576219
(E.D.N.C. July 3, 2012); *Bey v. Ohio*, Civ. A. No. 11-1213, 2011 WL 5024188, at *4 (N.D. Ohio
Oct. 19, 2011) ("Plaintiff's claim that Officer Guerrero interfered with his right to travel by
issuing a traffic ticket to him . . . fails to state a claim upon which relief may be granted."); *Knox*,
1986 WL 6310, at *1 (dismissing as frivolous under § 1915, plaintiff's claim that his
constitutional right to travel and use public highways was violated when he was pulled over
driving his motorcycle and ticketed for failing to produce a driver's license and registration).

times in [his] life by police." (*Id.* at 7.)  Bey's conclusory allegations, however, do not suffice. *Iqbal*, 556 U.S. at 678.  Accordingly, Bey's equal protection claim will also be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), but Bey will be granted leave to file an amended complaint in the event he is able to allege sufficient facts to set forth a plausible claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Bey leave to proceed *in forma pauperis* and dismiss Bey's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Bey will be granted leave to amend with respect to the following narrow issues: (a) his Fourth Amendment claims arising from the traffic stop on November 25, 2019, including, but not limited to, his claims that the Defendants unlawfully detained him and unlawfully seized his vehicle; and (b) his Fourteenth Amendment Equal Protection Clause claim arising from alleged racial discrimination or racial profiling in the initiating the November 25, 2019 traffic stop.  An appropriate Order follows.

BY THE COURT:

/s/ *John Milton Younge*
**JOHN M. YOUNGE, J.**